We are now going to move to the third case of the morning, 19-2045, Casimir Zablocki v. Merchants Credit Guide Company, and we're going to begin, Mr. Brown, with you. Thank you, Your Honor. Good morning, and may it please the Court. This is a case about unfair credit reporting by a debt collector. The plaintiffs in this case each had one account with a creditor, which consisted of a series of charges and a single accumulating balance. But the defendant debt collector decided to break up the account into each of its component charges and to credit report each of those component charges as if it was a separate account. This reporting was inaccurate and harmful and thus violated Section 1692F of the Fair Debt Collection Practices Act, which generally prohibits unfair and unconscionable means to collect a debt. Mr. Brown, if we were to rule your way in this case, wouldn't we have to hold that an action would violate Section 1692F while at the same time, if we're respecting the Roan opinion, that it at the same time complies with Section 1692E? Section 1692E2A, which is a subsection of Section 1692E. The Roan opinion involves similar facts, but a different legal issue and a very narrow holding. There the issue was, was a similar method of credit reporting the component charges of a single account as if they were multiple accounts. Was that a false or misleading statement as to the character of the debt? And this court decided that character was a very narrow concept that referred to whether it was secured or unsecured, whether the debt consisted of just the underlying obligation or additional attorney fees that were tacked on to that obligation, but that whether it was a single account or multiple accounts did not speak to the character of the debt. And so what we're left with is, if this credit reporting that's being made is inaccurate, but it does not misrepresent the character of the debt, does it nevertheless violate the FDCPA? And our position is that it does. And there would be no conflict between a ruling like that and the Roan case because they involve different sections of the FDCPA. And in fact, our view is that it is necessary for the court to step in to the section 1692F because otherwise debt collectors will be allowed to misreport consumers' accounts and consumers will be left with little avenue to stop that abuse, particularly under the Fair Debt Collection Practices Act. And so the way that I see it is that this case sort of boils down to two pieces, the first one being, was the credit reporting inaccurate? And then secondly, was that inaccurate credit reporting, assuming it's inaccurate, was that unfair and therefore in violation of section 1692F of the FDCPA? With respect to that first piece, yes, it was inaccurate, and that is what plaintiffs have alleged in the complaint. And this is a case involving a motion to dismiss and the district court's ruling on a motion to dismiss, and plaintiff's allegations in the complaint must be taken as true. Here, plaintiff alleges that they had a single accumulating balance and one account with the various or with the two creditors at issue, and that when the debt collector reported each of the charges in that one account as if it was a separate account, that that reporting was inaccurate. Counsel, this is Judge Dainey. Where do we find the definition of account? So, account is not defined in the FDCPA. Where we get the definition of account is, first of all, there's a sort of a common law definition that's defined in the Black Law Dictionary, which is explained in the briefing. And an account essentially means an ongoing relationship between two parties involving accumulating debts and credits and a single balance that reflects those accumulating debts and credits. And then that dovetails with the credit reporting issue because a trade line, which is sort of an entry about a specific debt in a consumer's credit report, a trade line as defined by all of the credit bureaus is one trade line for each account. And so when the debt collector reported multiple trade lines for all of the component charges, it was a misrepresentation about what was actually the relationship between the consumer and the creditor at issue. Obviously, you don't believe it should be defined in the statute, then. Well, it's not defined in the statute. So I think my beliefs about that are largely irrelevant. But what we're talking about here is, was the conduct unfair? And the way that a court needs to determine whether a conduct is unfair or not is to look at what was actually being done here. And what was being done is you're making a consumer who has a single delinquent balance with one creditor, you're making that consumer look like they're opening up a fresh account, running up a balance, defaulting, and then opening up a new fresh account, running up a new balance, and defaulting on that when that is not what was happening. Mr. Brown, just to let you know, you're at your five minutes for rebuttal. I'll reserve the remainder of my argument for rebuttal. Thank you. Thank you. We'll now move to the appellee. Is that Mr. Schultz? Yes, it is, Your Honor. Mr. Schultz, I recognize you. Thank you. This is David Schultz. I represent the Appellee and Merchants Credit Guide. Your Honor, this is a counselor. I would like to discuss Roan first. You raised the question about it. It's the closest case on point. I understand that the holding was specific as to an e-character violation of almost all of the reasoning in that opinion. It was simply applicable as well. It talked about per-transaction reporting, and that's what we had here, per-transaction reporting. Transaction is important because we're talking about the Fair Debt Collection Practices Act, and when you ask, as you did, Judge Kainey, about definitions, it talks about a debt, and it has a definition for a debt, and it's any obligation or alleged obligation of a consumer to pay money arising out of a transaction, a transaction. So the court in Roan used the transaction language. It's consistent with the FDCPA and other sections I'll get to. It talked about, in the opinion, the importance of consistency in credit reporting. We'll discuss that a little bit further, but credit reporting is done in this manner. It would be constantly done in this manner by many different industries, and a ruling here would change that rule for one specific industry, for one specific type of debt, and that would not be consistent with the broad rules of the FCRA that are supposed to be, one, preempting the field, and two, consistent. The court in Roan also discussed how it was easy to identify what transaction was involved. That was the term the court used, the transaction was involved. It was easy, the way it's being done now, to identify if the debt was in or out of statute of limitations for litigation. That's relevant to decision-making. Doing it this way was easy to identify when the debt comes off the report. That's extremely important, as the court noted in Roan. The court discussed the Fields case, a Seventh Circuit ruling, where it found that aggregation of debt was a violation, one of the few cases mildly on point. And most importantly in the analysis, it said, and point of contention it never had, there's simply nothing in the FDCPA that requires this. There's nothing in the FCRA that requires this, which is more important probably. There's nothing in any court opinion. There's nothing in any regulation. There's nothing in any rule. There's nothing by any regulator in commentary or otherwise. There's nothing in the consent decree. We all know the FCRA, it's an extremely complex, very specific statute. It's subject to numerous regulators, not just the attorney generals around the state, but obviously CFPB and FTC. Nobody's ever recommended this. Why? Well, it doesn't make sense, for one, for a couple reasons. When you pay a debt, when you have a transaction, a trade line as he discussed it, and a consumer pays that, what happens? Well, it's noted. The comment to the debt is noted as paid in full, FIF. If you compromise a transaction and say instead of paying $200, you pay $100 and it's resolved, it's noted as settled in full, SIF. So when you have these per transactions, the consumer can address each of them in that manner. If you did what the plaintiff is talking about, aggregate all those debts, you couldn't get a FIF or SIF, which are really important. Instead, unless you paid all of the debts, the entire aggregate amount, or settled all of them. So that's detrimental. In addition, the plaintiff talked about in his brief, and we discussed it, FICO scores. You can easily Google this. We did. We gave some sites. FICO scores, they don't consider FICO score eight right now as a common one. I think people want a FICO score. They don't even consider debts under $100 when considering a score. What does that mean? Well, for Jackson, excuse me, for Zablocki, three of the four debts wouldn't even be considered in the credit score. Yet they want to aggregate it. So instead of a $210 debt, they have a $400 debt. That makes no sense. That's detrimental to consumers. Likewise, with aggregation, as credit bureaus, none of the debts are under $50, and credit bureaus don't take debts under $50. So if you were to allow aggregation, as many as Zablocki has, as many debts, that you would actually, by doing the aggregation the plaintiff's talking about, you'd increase the balances, and you'd make them all subject to being credit scored. That makes no sense. That's why there's no rule that provides for what the plaintiff's talking about. That's why there's no regulation. That's why the regulators aren't going to do it. They're all on top of the statute. In addition, we've cited and discussed the FCRE fairly extensive CFPB report. And what did it talk about? It talked about the volume of medical collection, medical trade lines out there, and the volume of disputes. When we're going to address that, talk about how let's make this easy and make it consistent. Per transaction line is something that makes it easier to address disputes. Otherwise, if you aggregate them and they increase over time for new debts being added, just leave it out there. If the consumer wants to dispute it, you have to untap the entire aggregation. The credit bureau will have to do that in order to respond to their obligations. The furnisher would have to do that. That does not make it easier. That makes it more difficult. In addition, really important in credit reporting is you have to, it's an obligation of the act, you have to identify the date that these fall off the reports. That's important. You can't do that, at least not easily, when you do aggregation, which is what Clayton is talking about. Also, and I mentioned this a second ago, as with Zablocki, for instance, over time, over many, many months, I think it was 17 months, new debts come in. They have new treatments that result in new EOBs, that results in new balances, co-pages, deductible payments over time. Then the debt would keep getting bigger. It's going to be harder to keep track of that. All of a sudden, the debtor is going to see that they pull the report, wait a second, last month it was this, this month it's this size. Why is that? Without the transactions done as they are now, they wouldn't know. I talked about the FDCK briefly. We're using the definitions, and the one definition I meant is the debt. That's the most important. It deals with these as per transaction. Probably the most litigated section of the act, 692G. It talks about the obligations of a collection collector when they get a new placement. Within five days of their first communication on a new placement of a debt, a transaction, they have to give out notice to the consumer and give certain rights. The consumer then has rights to make a dispute, seek information. That's done on a per transaction debt basis. Similarly, the one section of the act that deals with credit reporting, 692F8, it talks about how it's a violation not to note a disputed debt as disputed. A single debt, there's almost no reference whatsoever about accounts. They talk about transactions and debts. The only reference to multiple debts in the act is under each, almost non-litigated section whatsoever as far as I'm aware of, and it simply states that nothing about aggregation. It simply states that if there are multiple debts, you should apply a payment, what the consumer says, but don't apply it to a disputed debt unless you're told to do so. There's nothing in the act that would support anything the plan talks about. In addition, if you move over to the Credit Reporting Act, what's remarkable about this case is that they want a serious, a significant change in credit reporting. We saw the volume of the type of credit reporting being done in that CFPB report. For one industry, there's a furnisher, that'd be a debt collector. For one type, essentially one type of debt, medical. No other furnisher for no other debt would be required to do this, and they want to do it based on the word unfair in the FDCK. You have about two minutes remaining. Thank you very much. I'll wrap this up. The Fair Credit Reporting Act, it talks about credit information, it talks about credit transactions, an account placed for collection and the need, when you report that, to note the delete dates. As the court said, and the plaintiff can contest, there's absolutely no FCRA violation. There's no law or anything that supports this. The FCRA is meant to preempt the field of credit reporting. It's an extremely elaborate statute. It's subject to great regulation, and we should not wholesale change that. Based on the use of the word unfair, especially when the plaintiff is wrong. I don't believe there's any claim that we're taking a specific bill. The plaintiff is very clear that these are separate billings, page four of their reply brief, separate invoices, page five of their reply brief on appeal. In their opening brief, they talked about, on page 20, a series of x-rays for Zablocki. On page 20, they talked about Janssen having ten separate dates of service. They discussed on pages nine and ten how these bills arrive, and there's a consequence of different transactions. There's nobody taking a bill apart. These were separate transactions with separate billing, separate insurance placements. We believe that this is closely controlled by Roan, that would do harm to consumers, not help them, and would also upset the important balance created by the FCRA and its regulators. Therefore, we request that the court affirm judgment. Thank you, Mr. Schultz. Mr. Brown, we'll go back to you. You have five minutes remaining. Mr. Brown, you are up on your rebuttal time. Five minutes remaining. Sorry, I had my phone on mute. I apologize. The problem with my opponent's position, Your Honor, is that credit reporting is not done on a per-transaction basis. Credit reporting is done on a per-account basis. For example, if you accumulate a number of charges on a credit card month to month, you do not have a separate trade line that itemizes each of those charges or itemizes each of your monthly bills. It is all consolidated into a single trade line because you have one account. And so that is how credit reporting is done. And by transaction-per-transaction reporting, you are creating a false image of the consumer, making it once again look like they're opening and defaulting on separate accounts all over town. This statute of limitations and additional information argument is a red herring. There might be benefits to inaccurate credit reporting that accrue to consumers, but that does not relieve the obligation of debt collectors to accurately report the information, and it does not relieve them of liability when the inaccuracies that they report are unfair. In terms of other benefits and burdens, again, the burden here is accuracy, and it is inaccurate to say that each transaction within a single account comprises a separate account on its own. With respect to the Fair Credit Reporting Act arguments, this is not an SCRA case. It could be, you know, if a reinvestigation request was done and the proper prerequisites were there for a fair credit reporting act case, but this is not. It's simply a fair debt collection practice in that case, and it's simple. And the simplicity boils down to is what you said to the credit reporter, the credit bureaus, a true reflection of your relationship with this consumer. And if the answer is no, it is not, and the way that you did it that was not accurate is harmful, then that's where Section 1692F springs in to prevent debt collectors from engaging in this type of harmful, unfair, and unconscionable credit reporting. And then with respect to, you know, burdens on other industries, again, there's nothing special about the healthcare industry when it comes to customer accounts. You know, just like when I work with a process server and I send them out to process on a defendant and I get an invoice, and then I do it again the next week, and I do it again the next week, then I get a statement that consolidates all of those charges into a single account statement because the nature of an account is an ongoing relationship that is resolved in terms of accumulating all the debts and credits and determining what the final balance is based on a course of conduct between the parties and their regular course of dealing. And that's how this stuff works under common law. What Mr. Schultz is advocating for is an exception for the healthcare industry where they can report things inaccurately and make it look like there are multiple different accounts, all for their own benefit, because I guess it's simpler to report them on an invoice-by-invoice basis as opposed to an account-by-account basis. And once again, even if there are some fringe benefits in certain circumstances that accrue to consumers, the inaccurate reporting and the unfair nature of that inaccurate reporting is what this case is about, and it overcomes any hypothetical benefit that consumers could receive. And then again, with respect to the Roam case, the issues there were just completely different. The Seventh Circuit found that, yes, the credit reporting was accurate insomuch as the dates of service were accurately reflected, the amounts of the invoices were accurately reflected, but the inaccuracy is not about the date and it's not about the amount of individual invoices. It's the total presentation of the nature of the relationship between the consumer and the creditor. And if that presentation is inaccurate and that inaccuracy is harmful and unfair, then the FDCPA does impose liability. Unless the Court has any further questions, I have nothing further. Thank you, Mr. Brown, and thank you, Mr. Schultz. The case will be taken under advisement.